**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RENEE M. JEFFRIES, | ) | CASE NO. 1:12CV01718 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY[1] | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision

denying her application for Disability Insurance Benefits ("DIB"), Plaintiff Renee M. Jeffries

("Plaintiff") now seeks an award of attorney fees and expenses pursuant to the Equal Access to

Justice Act (the "EAJA").  Doc. 20.  Plaintiff seeks an award above the presumptive hourly rate

of $125.00 set in 1996 when the EAJA was amended.  Doc. 20.  Briefing on Plaintiff's request

for fees has been completed.  As explained below, the Court concludes that an award of fees

under the EAJA is warranted in this case and the Plaintiff has submitted sufficient evidentiary

support to obtain a rate higher than the statutory cap of $125.00.  Accordingly, Plaintiff's

Application for Attorney Fees Under the EAJA is **GRANTED IN PART** and **DENIED IN**

**PART.**[2]

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), she is hereby substituted for Michael J. Astrue as the Defendant in this case.

[2] As discussed more fully within, Plaintiff requested $184.38 per hour for attorney fees, based on the National Consumer Price Index ("CPI").  The Court awards attorney fees at $177.88 per hour based on the Cleveland-Akron CPI. In addition, Plaintiff requested $50 per hour for appellate assistant fees, and the Court awards appellate assistant fees at $40 per hour.

## PROCEDURAL HISTORY

Plaintiff filed this action to seek judicial review of the Commissioner's final decision denying her application for DIB.  Doc. 1, pp. 1-2.  On August 21, 2013, the Court reversed and remanded the final decision of the Commissioner.  Doc. 18.  On November 19, 2013, Plaintiff filed an Application for Attorney Fees Under the EAJA seeking $3,424.46 in fees (at an hourly rate of $184.38 for Attorney Roose and an hourly rate of $50.00 for Appellate Assistant Shriver) and $350.00 in expenses.  Doc. 20, pp. 1-3.  On December 17, 2013, the Commissioner filed her Response.  Doc. 22.  The Commissioner argues that her position was "substantially justified," hence Plaintiff is not entitled to an award of EAJA fees.  Doc. 22.  On December 31, 2013, the Plaintiff filed a Reply.  Doc. 23.[3]

## DISCUSSION

### I.  The EAJA Standard

The EAJA states that,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S. Ct. 2541, 2545, 101 L. Ed. 2d 490 (1988).  Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556, 108 S. Ct. at 2545, 101 L. Ed. 2d 490.  In the case at hand, Plaintiff is the prevailing

---

[3] In her Reply, Plaintiff added a Supplemental EAJA Application requesting an additional $921.90 in attorney fees (5.0 hours at the originally requested hourly rate of $184.38), for a cumulative amount of $4,696.36, which includes $350.00 in filing fee costs.  Doc. 23, p. 8.

party.  Doc. 18; *see Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993) (holding that Plaintiff is the prevailing party in a sentence four remand).  The Commissioner does not contest that the Plaintiff was the prevailing party.  Nor does the Commissioner argue that any special circumstances warrant the denial of attorney fees.  Plaintiff filed this Application for Attorney Fees Under the EAJA in a timely manner, *see* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B).  The Commissioner does not argue that the Plaintiff's Application was untimely.  Accordingly, the only issue in dispute is whether the Commissioner's position was substantially justified.

## II.  Substantial Justification

Under the EAJA, a position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person."  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490).  In other words, a position is substantially justified when it has a reasonable basis in law and fact.  *Id.*  While the burden of establishing substantial justification is on the Commissioner, there is no presumption that the Commissioner's position was not substantially justified simply because it lost the case.  *Scarborough v. Principi*, 541 U.S. 401, 414-15, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004).

In considering whether the Commissioner's decision was "substantially justified" for EAJA purposes, courts have distinguished between remands involving "mere articulation errors" (cases in which there is record evidence to support the ALJ's decision, but the ALJ failed to adequately articulate his or her own reasoning) and remands where the district court determines that the evidence, even when properly considered, does not support the ALJ's decision.  *See, e.g., Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 759-61 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072 (6th Cir. 1999) (unpublished table

decision).  In *Anderson*, the Sixth Circuit explained that "[t]he issue, when considering an award of attorney fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record."  *Anderson*, 198 F.3d 244, 1999 WL 1045072, at *4; *see also Ratliff v. Comm'r of Soc. Sec.*, 2012 WL 593120, at *2 (6th Cir. February 24, 2012).

Generally, while remands stemming from articulation errors do not result in an EAJA fee award, remands following a finding that the record evidence does not support the ALJ's disability determination will lead to the payment of attorney fees.  *Compare Harris v. Comm'r of Soc. Sec.*, No. 3:08-CV-2219, 2010 WL 3075486, at *2 (N.D. Ohio August 5, 2010) (no attorney fees where articulation error was surrounded by an otherwise "thorough and record-based analysis") *with Winning v. Comm'r of Soc. Sec.*, 2010 WL 3222031, at *4 (N.D. Ohio August 13, 2010) (awarding fees where "the ALJ failed to provide substantive reasons for her decision … and because the record does not support the ALJ's credibility determination.").

## A.  The Parties' Arguments

The Commissioner asserts that her position was substantially justified because "it had a reasonable basis in law and fact for its position both during the administrative proceedings and during litigation."  Doc. 22, p. 3.  The Commissioner asserts that the Court remanded the case so "that the ALJ [could] better articulate his findings on remand."  Doc. 22, p. 4.  Thus, the Commissioner argues that her position was substantially justified since the error was only one of articulation.  Doc. 22, pp. 3-4.

The Plaintiff contends that the ALJ's responsibility includes "explaining why the RFC finding differs from the opinion of an examining doctor … especially where the ALJ has found the examining doctor's opinion [is] entitled to great weight."  Doc. 23, pp. 3-4.  Thus, the

Plaintiff argues that the ALJ's error was more than an articulation error and the Commissioner's position was not substantially justified.  *Id.*

**B.  The Commissioner Is Not Substantially Justified**

Here, this Court concluded that the ALJ failed to properly explain (1) how he resolved inconsistencies in the consulting examining physician's opinion, and (2) his reasons for not adopting Dr. Togliatti-Trickett's one-hour sitting limitation.  Doc. 18, p. 16.  This Court stated that these issues were "not harmless error" since they left the Court to speculate as to the ALJ's reasoning.  *Id.*  Since the Court found it could not determine "whether the Commissioner's decision is supported by substantial evidence," the case was reversed and remanded.  Doc. 18, p. 17.

As set forth in the Memorandum Opinion & Order, the responsibility for determining a claimant's residual functional capacity rests with the ALJ.  Doc. 18, p. 13; *see also* 20 C.F.R. § 404.1546(c).  "[T]he adjudicator's assessment of an individual's RFC may be the most critical finding contributing to the final determination or decision about disability."  SSR No. 96-5p, 1996 SSR LEXIS 2, *14 (July 2, 1996).  An RFC assessment is "based on consideration of all relevant evidence in the case record."  *Id.* at *12.  Social Security rulings further provide that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SSR No. 96-8p, 1996 SSR LEXIS 5, *20 (July 2, 1996).  While an ALJ is not required to incorporate all evidence in an RFC, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR No. 96-8p, 1996 SSR LEXIS 5, *19.  In this case, before issuing his opinion, the ALJ referred Plaintiff for a post-hearing consultative examination that he stated

was "critical."[4]  Tr. 85, 610-18.  Dr. Togliatti-Trickett conducted the consultative examination on September 14, 2010.  Tr. 606-19.  Dr. Togliatti-Trickett's opinion contained inconsistencies between her narrative report and her Medical Source Statement.  Tr. 610-18.  The ALJ stated that he gave "great weight" to Dr. Togliatti-Trickett's opinion, yet, contrary to SSR No. 96-8p, he did not explain why he did not adopt Dr. Togliatti-Trickett's one-hour sitting limitation in the RFC nor did he explain how he resolved the inconsistencies in her opinion.  Doc. 18, pp. 13-17.

The failure of the ALJ to adhere to SSR No. 96-8p and to provide substantive reasons for not adopting Dr. Togliatti-Trickett's one-hour sitting limitation in the RFC left this Court to speculate as to the ALJ's reasoning as well as whether the ALJ's decision was supported by substantial evidence.[5]  Doc. 18, pp. 16-17.  The Court finds that the ALJ's error was more than a mere articulation error and the Commissioner's position was not substantially justified.  Accordingly, an award of EAJA fees is warranted in this case.

## III.  Reasonableness of Attorney Fees[6]

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour.  Pub. L. No. 104-121, 110 Stat. 847 (1996); *see*

*Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013).  Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless

---

[4] During the Administrative Hearing, the ALJ indicated that he was "very interested" in hearing the results of the consultative examination.  Tr. 85.

[5] Additionally, the ALJ's failure to explain how he resolved the inconsistencies in Dr. Togliatti-Trickett's opinion was also contrary to SSR No. 96-8p.  Doc. 18, p. 16.

[6] The Commissioner does not object to the amount or to the calculation of Plaintiff's attorney fees.

the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase."

*Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). As this Court has previously stated, to justify an upward departure from the statutory cap, Plaintiff must satisfy the following:

a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).[7]

Here, Plaintiff relies on the National CPI, her attorney's affidavits, her attorney's time sheets, and affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation. Doc. 20 (Exhibits 1-15). Plaintiff has submitted sufficient evidence to warrant an increase from $125.00. However, as previously stated by this Court, the Cleveland-Akron CPI is

---

[7] Although Plaintiff's Reply was filed shortly after *Hall* was decided, that case merely modified the fourth factor as set forth previously in *Slagle v. Comm'r of Soc. Sec.*, No. 5:12-CV-00626 (N.D. Ohio June 28, 2013).

preferred over the National CPI.  Therefore, attorney fees are awarded at $177.88 an hour rather than $184.38.[8]

     The Court finds the 22 hours expended by attorney Kirk B. Roose to be reasonable. Therefore, the Court awards attorney fees in the amount of $3,913.36 (22.00 hours x $177.88 per hour).

## IV. Appellate Assistant Fees

     Plaintiff also requests an award of fees for time expended by appellate assistant Diane J. Shriver at a rate of $50.00 per hour.  Doc. 20, p. 3.  The Court finds that $40.00 rather than $50.00 is a reasonable fee for work performed by the appellate assistant.  *See English v. Comm'r of Soc. Sec.*, No. 1:11-CV-2794 (N.D. Ohio August 31, 2012) (J. Adams) (Doc. 28, p. 5) (finding $40.00 to be a reasonable fee for appellate assistant time); *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11-CV-2285, 2013 WL 60429, at *3 (N.D. Ohio January 3, 2013) (J. Adams) (same); *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804-05 (N.D. Ohio 2013) (J. Boyko) (same); *Montanez v. Comm'r of Soc. Sec.*, No. 1:11-CV-02475, 2013 WL 6175651, at *3 (N.D. Ohio November 22, 2013) (same).

     The Court finds the 5.80 hours expended by Appellate Assistant Shriver to be reasonable. Therefore, the Court awards appellate assistant fees in the amount of $232.00 (5.80 hours x $40 per hour).

---

[8] Based on the National CPI, the Plaintiff requested $184.38 per hour for attorney fees.  When calculating the rates using the Cleveland-Akron CPI, the result yields $177.88 per hour.  The index for March 1996 was 150.9. The index for March 2012 was 214.743.  The increase in the cost of living was 214.743 ÷ 150.9, or 1.423.  Multiplying 1.423 by the 1996 EAJA cap of $125 per hour yields $177.88.  Source: www.bls.gov/ro5/cpiclevhistorical.pdf.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Application for Attorney Fees is **GRANTED IN PART** and **DENIED IN PART** and the Court hereby awards Plaintiff EAJA fees and expenses in the amount of $4,495.36.


Dated: April 9, 2014

Kathleen B. Burke
United States Magistrate Judge